UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                            Case No. 19-50639
                                                 HON. VICTORIA A. ROBERTS

v

NINA GRAVES-HICKS,

        Defendant,

and

OFFICE OF RETIREMENT SERVICES,

        Garnishee.

_____/

## **ORDER DENYING DEFENDANT'S REQUEST FOR HEARING**

### I.    INTRODUCTION

Defendant Nina Graves-Hicks objects to, and requests a hearing on, an application for writ of continuing garnishment of her Office of Retirement Services pension fund. The United States served the writ to collect restitution Graves-Hicks owes pursuant to a criminal judgment against her.

The basis for Graves-Hicks' request is that she entered into an arrangement with the Court to make restitution payments. She also claims an exemption for wages.

Neither is a legitimate objection or reason, and Graves-Hicks' request for a hearing on the application for writ of continuing garnishment is **DENIED.**

1

## II. BACKGROUND

Graves-Hicks pled guilty to one count of Conspiracy to Commit Federal Program Bribery. The Court sentenced her to twelve months imprisonment and twelve months supervised release. She was ordered to pay a $100.00 special assessment and $27,385.00 in restitution. (Case No. 16-20210, ECF #18, Page ID.179, 183).

To date, Graves-Hicks has paid the $100.00 special assessment and $15,586.83 towards her restitution obligation.

On November 2, 2016, Graves-Hicks entered into a verbal agreement with the Financial Litigation Unit of the U.S. Attorney's Office to pay $1,000.00 per month towards her restitution. In November, 2017, she entered into an arrangement with the Court to pay $25.00 per month.

## III. DISCUSSION

A debtor may request a hearing regarding a garnishment. However, issues to be discussed at the hearing are limited to: (1) the validity of any claim of exemption; (2) compliance with any statutory requirements for the issuance of the postjudgment remedy granted; and in the case of a default judgment, (3) the probable validity of the claim merged in the judgment and the existence of good cause for setting aside such judgment. 28 U.S.C. §§ 3202(d)(1)-(3).

Although the Federal Debt Collection Procedure Act, 28 U.S.C. § 3201 *et seq.,* states that the court "shall" hold a hearing at the debtor's request, district court can deny a request for hearing where the debtor's objection is clearly without merit, or where the objection is simply a matter of statutory exemption. *United States v. Bravata,* 2015 WL

4697044 (E.D. Mich. Aug. 19, 2015); *United States v. Miller,* 588 F.Supp.2d 789, 797 (W.D. Mich. Nov. 6, 2008).

Graves-Hicks' claim of exemption is without merit. The Mandatory Victims Restitution Act ("MVRA") permits the government to enforce a restitution order "by all other available and reasonable means, 18 U.S.C. § 3364(m)(1)(4), including "in accordance with the practices and procedures for the enforcement of a civil judgment through the Federal law or State law." 18 U.S.C. § 3613(a). The United States' effort to collect restitution from Graves-Hicks' pension fund is an "available and reasonable means."

The United States persuasively cites to 28 U.S.C. § 3202(d) and its subsections. There are no provisions for suspending the collection of restitution because of a prior payment arrangement with the Court. The United States also says that while Graves-Hicks claims a minimum exemption for wages, salary, etc., such limitations are automatically taken into account. Therefore, Graves-Hicks has not identified any meritorious objections to the application for writ of continuing garnishment.

## IV.  CONCLUSION

Ms. Graves-Hicks' request for a hearing is **DENIED.**

**IT IS ORDERED.**

Dated: June 20, 2019
                                        s/Victoria A. Roberts
                                        Victoria A. Roberts
                                        United States District Judge